JUSTICE TRIEWEILER
dissenting
I dissent from the majority opinion which transforms anything but the most minor of traffic offenses to a felony punishable by a fine of up to $50,000 and imprisonment for a period of up to ten years. Surely as a result of this decision criminal endangerment has become Montana’s “one size fits all” crime of choice for zealous prosecutors.
The circumstances which led to Bradley Bell’s conviction of a serious felony are quite remarkable. He drove his vehicle which was in good mechanical condition directly from his house to the sheriff’s office on a street where he had a clear field of vision with no obstructions to his line of sight. There were no other people or cars on the road. There were two or three people on the sidewalk approximately one-half block from where Bell turned into the sheriff’s parking lot and there was a car at the final intersection before the sheriff’s parking lot. However, the people on the sidewalk were not approaching the street and the pursuing officer acknowledged that Bell’s brake lights went on prior to the last intersection.
Bell testified that there was no one in danger as a result of his operation of his vehicle and that he was completely in control at all times. When the pursuing officer was asked: “Can you name one person that Brad Bell caused substantial risk of injury to?” he answered, “I don’t know of anybody, no.”
The majority opinion characterizes Bell’s testimony regarding the condition of his vehicle and the degree of his control over that vehicle as self-serving. The implication is that for some reason we should assume, without proof by the State, that Bell was out of control and that someone must have been in danger. However, the last I knew, it was the State’s burden to prove the factual basis for every crime charged. It is not the defendant’s burden to prove that he did not endanger anyone. In this case, the State simply failed to prove that anyone was endangered.
The majority contends that it is up to the jury, not this Court, to determine whether the defendant violated the law. That is an interesting and novel approach for an appellate court. For five and one-half years I have been operating under the assumption that one of this *491 Court’s responsibilities was to assume the truth of the facts proven by the State and then determine as a matter of law whether those facts support the crime for which a defendant was convicted. Until now neither Justice Leaphart nor the other signators of the majority opinion had done anything to dispel that notion.
The majority opinion compares Bell’s conduct to shooting a rifle into a moving passenger train. Suffice it to say that driving a vehicle down a street during daylight hours with a full and clear view of all that is in front of or on either side of the vehicle seems to me to bear little resemblance to blindly firing a bullet into a moving passenger train. Beyond that, analysis of why the majority would choose to compare a speeding vehicle to an armed assault is beyond my field of expertise.
The inference from the majority opinion is that without the sanction from the criminal endangerment statute, conduct like Bell’s would go unpunished. However, that is not correct. There are numerous statutes which were specifically intended to punish conduct exactly like Bell’s.
Section 61-8-301, MCA, prohibits operating a vehicle in willful or wanton disregard for the safety of persons or property. Section 61-8-302, MCA, prohibits careless driving, and § 61-8-303, MCA, requires that a vehicle be operated in a careful and prudent manner and at a speed of no more than 25 miles per hour in an urban district. It is significant that that maximum penalty that the Legislature deemed appropriate for even the most serious of these offenses (operating a vehicle in willful and wanton disregard for the safety of others while fleeing a peace officer) is imprisonment for not more than six months and a fine of not more than $500. Section 61-8-715, MCA.
If the Legislature intended the penalty for the exact conduct engaged in by the defendant to be no more than six months in prison and a fine of $500, how could the Legislature have at the same time authorized a penalty of up to ten years in prison and a fine of up to $50,000 based solely on the discretion of the charging authorities? The majority’s conclusion to that effect makes no sense and opens the door to widespread abuse in thé application of § 45-5-207, MCA.
I conclude that based on the facts presented in this case there was no evidence that Bradley Bell “knowingly engage [d] in conduct that create [d] a substantial risk of death or serious bodily injury to another.” Section 45-5-207(1), MCA (emphasis added).
The majority’s suggestion that Bell can be convicted of criminal endangerment without endangering anyone simply because under *492 other circumstances he might have endangered someone had they been on the street and encountered his speeding vehicle is a strange theory indeed. The fact that someone might have been endangered under other circumstances is completely irrelevant to whether the State proved the elements of the criminal endangerment statute based on the facts in this case. Based on the majority’s conclusion the possibilities for prosecution under the criminal endangerment statute are limited only by the fertile imagination of the State’s prosecutors; this is exactly the kind of ambiguity and opportunity for overcharging that our criminal jurisprudence has traditionally sought to avoid.
At a time when most Montanans correctly assume that there is no daytime speed limit in Montana, this Court has now held that law enforcement authorities can, at their discretion, charge the people of this state with a felony punishable by ten year's in prison and a $50,000 fine for nothing more than driving too fast. This state may now have the most severe penalty in the country for a victimless crime.
Add one more bizarre twist to a year of strange developments in Montana.
For these reasons I dissent from the majority opinion. I would affirm the judgment of the District Court.
JUSTICE HUNT joins in the foregoing dissenting opinion.